**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GARY PATRICK MCKEE,

        Plaintiff,

vs.                                    Case No.  3:06-cv-746-J-32MCR

FEDERAL BUREAU OF INVESTIGATION, et. al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a)(1).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. §1915(a)(1).   However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2).

---

[1] Any party may file and serve objections hereto within TEN (10) DAYS after service of this opinion. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72, 6(a) and (e); Local Rule 4.20, United States District Court for the Middle District of Florida.

An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989); see also, Perkins v. New Jersey Dept. of Labor, Div. of Workers Comp., 154 F.R.D. 132 (E.D.Pa. 1994) (if claim is fanciful or describes fantastic or delusional scenarios, then it is factually baseless, for purposes of determining whether it is frivolous).

In reviewing the Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled."  Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute for establishing a cause of action.  See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998)

In this case, Plaintiff has filed what appears to be a complaint against the Federal Bureau of Investigations ,Gilbert Southern Corporation, Quinn Construction, the Florida Department of Transportation, Small Business Administration, Florida Small Business Development Center Network, University of West Florida, and the States of Florida, Minnesota, and Texas claiming that "the defendants sabotaged his family company, himself and [his] girlfriend."  (Doc. 1).  The Complaint then goes on to set forth rather difficult to follow allegations regarding how the FBI and local law enforcement, along with the other defendants, were involved in a corrupt plot to deprive Plaintiff of his civil rights and cut off any possibility for Plaintiff's livelihood and earnings capability.

Plaintiff's Complaint sets forth no identifiable claim or ground for relief against any defendant.  Plaintiff does not set forth a factual basis for the suit, nor are any legal

grounds apparent. To the extent Plaintiff is attempting to sue these entities and states for money damages, Plaintiff must set forth a legal basis for liability.[2]

Although the Court cannot discern any factual or legal basis for this suit, the Complaint may be susceptible to amendment. It is therefore respectfully recommended that Plaintiff's application to proceed *in forma pauperis* be denied, and that this action be dismissed, without prejudice to filing an amended complaint that properly invokes the Court's jurisdiction and sets forth a cause of action.

The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and his amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Plaintiff must specify in the caption of his amended complaint all of the defendants he seeks to include in this action, and must properly and completely identify each defendant. If any named defendant is a governmental agency, it must be properly identified as such. Plaintiff must also set forth with specificity the nature of his causes of action and how each named defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "all averments of claim or defense shall be

---

[2] Plaintiff should note that the law is well settled that a State and its agencies are immune from suit, unless immunity is waived. Papasan v. Allain, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939 (1986); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984).

made in <u>numbered paragraphs</u>, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...." Finally, Fed. R. Civ. P. 8(a)(3) requires a complaint to include "a demand for judgment for the relief the pleader seeks."

The Clerk is directed to furnish Plaintiff with a Step-By-Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions. Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov or may be obtained from the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Affidavit of Indigency (Doc. 2), construed as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), be **DENIED** without prejudice and Plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice to Plaintiff filing an amended complaint properly setting forth a cause of action. Should Plaintiff decide he is able to file an amended complaint, he shall do so no later than close of business, **September 25, 2006**. At this time, Plaintiff should also refile a motion for leave to proceed *in forma pauperis*, along with a fully completed Affidavit of Indigency. If Plaintiff fails to file an amended complaint by this time, the undersigned will recommend to the District Judge that this case be dismissed with prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of August, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff
Hon. Timothy J. Corrigan,
    United States District Judge